Fox v. Long.

CASE 22—PETITION EQUITY—JANUARY 29.

# Fox v. Long.

APPEAL FROM MASON COUNTY COURT.

1. A LIFE-ESTATE IS MERGED BY ITS PURCHASE BY THE REMAINDER-MAN.

   The owner of nine tenths of the remainder interest in land leased the widow's dower during her life for eight hundred dollars per annum, payable semi-annually. This was a purchase of the dower, and merged it into the estate in remainder.

   By leasing her dower-interest the widow divested herself of all right and title to the land, except her right to enforce her lien for the rental. She could not distrain for rent or maintain an action for waste.

2. Wherever a greater estate and a less meet in one and the same person, without any intermediate estate, the less is immediately merged into the greater. (2 Blackstone, 177; 4 Kent, 103.)

3. A merger as to a portion of the premises, the legal titles to which have become united, may take place *pro tanto*, although no union takes place as to the residue. (Taylor on Landlord and Tenant, 36.)

4. An estate held by a deceased person for the life of another shall go to the personal representative of the deceased as assets, and be applied as the personal estate. (Revised Statutes, section 26, article 2, chapter 37.)

5. WHERE LAND HAS BEEN IMPROPERLY LISTED FOR TAXATION the proper proceeding to have the assessment corrected is by a motion in the county court.

6. A TENANT FOR A TERM OF YEARS IS NOT LIABLE FOR TAXES or other dues upon the land to the state or government in the absence of any special contract to that effect.

   THE TENANT FOR LIFE, and not the remainder-man, *must* pay the taxes assessed against land. (Johnson, &c. v. Smith, 5 Bush, 102.)

H. TAYLOR, . . . . . . . . . . . . For Appellant,

CITED

Revised Statutes, sec. 2, chap. 83, 2 Stanton, 250.

E. C. PHISTER, . . . . . . . . . . . For Appellee,

CITED

Revised Statutes, sec. 2, art. 5, chap. 83, 2 Stanton, 250.
Taylor's Landlord and Tenant, section 52, page 32.
Hen. & Munf. 470, Newton v. Wilson.
1 Parsons on Contracts, 499.
5 Rand. 574, Mickie v. Wood's executors.
3 Bush, 164.      5 Bush, 103.      3 McCord, 211.

CHIEF JUSTICE PRYOR DELIVERED THE OPINION OF THE COURT.

The appellant, Lucretia Fox, as the widow of Arthur Fox, had allotted to her as dower in her husband's lands a tract of one hundred and ninety acres, laid off by commissioners, and defined by certain metes and bounds. This land she leased to the appellee, L. H. Long, as is evidenced by the following agreement:

"I, Lucretia Fox, of Mason County, Ky., have this day rented to Lewis H. Long, of the county and state aforesaid, during my natural life, my farm, the one on which I now reside, containing about one hundred and ninety acres, more or less; for which the said L. H. Long is to pay me at the rate of eight hundred dollars per annum, and to be paid half-yearly; that is to say, four hundred dollars to be paid on the 1st of September, 1869, and four hundred dollars to be paid every six months thereafter. The said L. H. Long to have possession of said farm and its appurtenances on or before the first day of March next.

[Signed.]          "LUCRETIA FOX,
                   "L. H. LONG."

Under this contract the appellee took possession of the land, and the present controversy has originated between these parties upon the refusal of the appellee to pay the state and county revenue arising from the same. This land having been listed for taxation as against the appellee, he gave to the appellant a notice that he would move the Mason County

Court to relieve him from the payment of taxes upon the dower-interest, and to assess the taxes against her. The parties appeared in the county court, and upon the hearing of the motion that court released the appellee, and adjudged that the appellant was liable; and from this judgment or order the appellant has appealed.

The right of the appellee to adopt the proceeding he has in this case, to have the assessment properly made, has been decided by this court in the case of Arnold v. Smith (3 Bush, page 169.)

The essential question in this case is, Who is liable for this tax, the appellant or the appellee?

By section 2, article 5, chapter 83, 2 Revised Statutes, it is enacted that all estates, real and personal, and all interests in such estates named and specified in the tax-book aforesaid, shall be assessed for taxation, and the tax paid by the owner or possessor thereof to the person authorized by law to receive the same."

A tenant of land for a term of years is not liable for taxes or other dues upon it to the state or government in the absence of any special contract to that effect, and we are not prepared to say that a tenant for life only under a specified annual renting from the one holding by deed or otherwise the fee-simple estate would be responsible for the taxes.

In the present case the record shows that the husband of the appellant left ten children. These children were entitled to the estate in remainder after the death of their mother. The appellee had purchased of nine of these children their undivided interests in the dower-estate of their mother. He thereby became the absolute owner of nine tenths of this dower-land, subject to the life-estate of Mrs. Fox, the appellant. By the terms of the contract with the appellant he became the owner of the life-estate in this same land at the price of eight hundred dollars per annum, four hundred

dollars of which is to be paid semi-annually. The contract by which he acquired this life-estate is denominated a contract for rent, and the contract recites, "I have this *day rented*," etc. What estate in the land did the appellee acquire under this agreement? The appellant certainly divested herself of all right and title to this land, except so far as she might enforce her lien for the amount of money due her by its terms. As between her and the appellee the contract could not be rescinded except upon the ground of fraud or mistake, or by consent. She might also reinvest herself with the title by repurchasing the property; but in no other way. This writing had been signed and acknowledged by the parties, and recorded in the Mason County Court clerk's office.

It was a freehold estate that passed to the appellee by the agreement with the appellant. At common law this estate at the death of the appellee would pass to his heirs and not to his personal representatives. By our statute such an estate now passes to the personal representative for the payment of debts, and to be distributed like other personal estate. (Revised Statutes, section 26, article 2, chapter 37.)

If by the lease, conceding it to be such, the appellee, being the only one entitled in remainder, acquired the absolute right to this life-estate, is he not tenant for life, and as such liable for the taxes?

This court, in the case of Johnson v. Smith (5 Bush, 102), decided that the tenant for life was burdened with the payment of the taxes, and not the remainder-man. If the appellee is the character of tenant as insisted upon by appellee's counsel, the appellant may issue her distress-warrant for the collection of the rent, institute a suit for waste, and take all other steps against the appellee authorized by law in proceedings for the security of the landlord's rights as against the tenant.

Upon what principle could the appellant recover damages for waste in this case? She has no life-estate; that is gone.

She has no estate in remainder or reversion, and the only interest that she can assert is by a proper proceeding to recover the money due her by this writing. The appellee is the owner in fee-simple of nine tenths of the land; has purchased or leased the entire life-estate of the appellant; and it would be a novel proceeding to permit an action for waste, or a distress-warrant to issue for rent, against the party who owns both the greater and the less estate. The less estate has in fact been merged into the greater; the life-tenancy has gone out of existence, and no such relation as that of landlord and tenant exists between the parties.

In this case there is a union of the fee-simple estate and the estate for life, by which the estate for life is extinguished. It is difficult to perceive how one can have the fee-simple estate and a life-estate in the same tract of land. If the life-estate is the only estate preceding the estate in reversion or remainder, and the remainder-man buys the life-estate, or under such an agreement as this rents the estate for life, for and during the life of the party entitled to it, the lesser estate is gone, for the fee-simple estate includes both.

On page 103, 4 Kent's Commentaries, the author says: "There would be an absolute incompatibility in a person filling at the same time the characters of tenant and reversioner in one and the same estate. The merger is produced from the uniting of the particular estate and the immediate reversion in the same person." 2 Blackstone's Commentaries, p. 177: "Wherever a greater estate and a less unite in one and the same person, without any intermediate estate, the less is immediately annihilated."

Taylor on Landlord and Tenant, page 364, section 4, in speaking of such estate, says: "There would be a manifest inconsistency in allowing a person to have two distinct estates while one of them includes the time of both, thus uniting the two characters of landlord and tenant in the same person."

The effect of the writing sued on is to divest the appellant of all right and title to this life-estate, except so far as she has a lien upon it for her money. She can neither will nor convey it. The case referred to by counsel for appellee in Taylor on Landlord and Tenant, where one agreed to pay another one hundred pounds per annum during his life for his land, is not analogous to this case; there they only decide *that it was a lease for the life of the defendant.* If the one holding the lease for life in the case referred to had assigned it to the one in remainder, the lease would have been extinguished and the relation of landlord and tenant destroyed. It may be argued that as the appellee had failed to purchase the interest of the tenth heir, that therefore the title was not complete, and that the doctrine of *merger* does not apply. Upon this point we refer to the following authorities: James v. Morey, 2 Cowen's Reports, 246; Casey v. Buttolph, 12 Barbour's Reports, 637; references by Taylor on Landlord and Tenant, page 370. "A merger as to a portion of the premises, the legal titles to which have become united, may take place *pro tanto*, although no *union takes place as to the residue.*"

The agreement in this case was acknowledged by Mrs. Fox and recorded in the Mason County Court clerk's office, and we have no doubt was intended, as it in fact does, to pass from the appellant all the title she had in and to the land. The appellee was the owner and possessed of this land, and is responsible for the taxes.

The judgment of the county court is reversed, and the cause remanded with directions to set aside the order of assessment made against the appellant, and dismiss the motion of the appellee.