John Brownfield, et al., *v.* Lewis Cookby, et al.

**Husband and Wife—Husband's Marital Rights.**

The chancellor has no power after the husband has exercised his marital right and reduced his wife's money to possession, and thereby made it his own, to divest him of his title for the benefit of the wife.

**Trust Estate in Lands.**

Where it is alleged by the wife that certain land was paid for in part with her money, and that her husband promised her to invest it in land, but does not allege that he promised to take the title in her name, or that he did take such title to himself without her knowledge or in violation of any trust or legal duty on his part, no trust was made out authorizing the court to adjudge the land or any part of it to the wife.

APPEAL FROM GREEN CIRCUIT COURT.

November 2, 1877.

OPINION BY JUDGE COFER:

The intestate, W. H. Cookby, was an infant when he died. The land owned by him was derived by descent from his father, and under Sec. 9, Chap. 31, Gen. Stat., descended to his uncles as his heirs at law. They are, it is true, more remote kindred than his grandfather, but the provision of the statute is that the kindred of one parent shall not be excluded by the kindred of the other, if the latter is more remote than the grandfather, grandmother, uncles and aunts; that is, if more remote than grandparents and uncles and aunts. These appellees are uncles, and are therefore not more remote than uncles.

There was no case for an equitable settlement. The money which belonged to Mrs. Brownfield came to the hands of her husband, and thereby became his absolutely, and all right of his then wife to it was at an end. It is only when the husband has not actually reduced his wife's choses in action to possession that she can assert a right to an equitable settlement. The chancellor has no power after the husband has exercised his marital right and reduced his wife's money to possession, and thereby made it his own, to divest him of his title for the benefit of the wife.

No trust was made out so as to authorize the court to adjudge the land, or any portion of it, to Mrs. Brownfield. She alleges that the land was paid for in part with her money; that her husband promised her to invest it in land, but she does not allege that he promised to take the title to her, or that he took the title to himself without her knowledge or in violation of any trust or legal duty on his part.

There is no ground upon which to hold that the land was partnership property, and therefore to be treated as personal estate. There is no evidence that the land was purchased with partnership funds; but on the contrary the position of Wm. Cookby is alleged to have been paid for in part with money which he received through his wife and money in his hands as guardian. They were joint tenants; they divided the land in the lifetime of Wm. Cookby, and that division was confirmed by legal proceedings in the name of his widow and child after his death. It has always been regarded and treated as land, and never as partnership property, and was never used as such.

The life tenant is bound to pay on the estate held by that tenure, and there was no error in adjudging the taxes to be paid out of the

rent before dividing it between the widow and heirs. *Fox v. Long,* 8 Bush 551.

Judgment *affirmed.*

Brown & Chelf, for appellants.

A. J. & D. James, William Harrell, for appellees.