## Edward V. Thebaud

*v.*

## Ann M. Hollister et al.

An intestate died in January, 1875, leaving a widow and three children, Josephine, George and Henry. He had given (in 1871) a mortgage on the homestead to George for $800, in which his wife did not join. In May, 1875. George mortgaged his undivided third of the property to Hawley for $1,500. In May, 1882, Henry and his wife conveyed his interest to the complainant. The premises were rented by agents of the widow and George and Josephine, and the rents applied on the interest due on the Hawley mortgage.—*Held*,

(1) On partition, that complainant, who took his title after the payment on the Hawley mortgage, was not entitled to have the rents which were so collected and applied, nor any part thereof, credited on George's mortgage, he having no right to any amount for rents accrued and collected before he got his title.

(2) That George's mortgage was not merged by the descent to him of an undivided one-third of the premises.

Bill for partition and account. On exceptions to master's report.

*Mr. J. B. Vreeland*, for the exceptants.

*Mr. E. D. Halsey*, for complainant.

The Chancellor.

This suit is brought for a partition of a lot of land containing about thirteen and one-half acres, in Morris county, of

which Clark Hollister, deceased, died seized. The property appears to have been Mr. Hollister's homestead. The buildings are in the middle of the tract, and there is no more land in the latter than is required for such a property. Mr. Hollister died intestate in January, 1875. He left a widow, still living, one of the defendants in this suit, and three children, Josephine, George P. and Henry. In September, 1871, he gave a mortgage on the premises to George to secure the payment to the latter of $800 in three years, with interest. His wife did not join in it. In May, 1875, George mortgaged his undivided third of the property to Abraham W. Hawley, one of the defendants, to secure the payment of $1,500 and interest. In May, 1882, Henry, with his wife, conveyed his interest in the property to the complainant. The premises appear to have been rented, with the exception of a year or two, ever since the death

NOTE.—In *Jenkins* v. *Van Schaak, 3 Paige 242,* only a moiety of an annuity charged upon land was held to be merged by the annuitant inheriting a moiety of the land as heir of the devisee of the grantor of the annuity. See *Addams* v. *Heffeman, 9 Watts 529 ; Byam* v. *Sutton, 19 Beav. 556 ; Fitzgerald* v. *Fitzgerald, L. R. (2 P. C.) 83.*

In *Lansing* v. *Pine, 4 Paige 639,* the lessee of land became the purchaser of a moiety of the rent and reversion, and the rent and lease were considered as extinguished *pro tanto.* See *Martin* v. *Tobin, 123 Mass. 85 ; Phillips* v. *Clarkson, 2 Yeates 124 ; Spencer* v. *Austin, 38 Vt. 258 ; Fox* v. *Long, 8 Bush 551 ; Hyde* v. *Warden, L. R. (3 Ex. Div.) 72.*

In *Knickerbocker* v. *Boutwell, 2 Sandf. Ch. 319,* an assignment of a mortgage upon several lots to the owner of two of them, was held to merge it only as to the two lots. See *Knowles* v. *Carpenter, 8 R. I. 548.*

In *James* v. *Morey, 2 Cow. 246,* a mortgagee purchased, under execution on judgments subsequent to the mortgage, a part of the premises, which was sold in different tracts, and the mortgage was held to be merged *pro tanto.*

In *Casey* v. *Buttolph, 12 Barb. 637,* A purchased a lot and gave a mortgage for the purchase-money. He afterwards gave a quit-claim deed to B for the west half of the lot, the grantee to take possession on A's death, and subsequently A gave a similar deed to C for the east half. A paid part of the mortgage and died. B paid the remainder and took an assignment of it, and had possession of the whole lot after A's death. C died, leaving a child and widow. The child died and the widow brought ejectment against B for the east half of the lot.—*Held,* that the mortgage was not merged as to the east half, and that B could defend as assignee of the mortgage.

In *Smith* v. *Roberts, 62 How. Pr. 196, 91 N. Y. 470,* a purchase by and conveyance to a mortgagee of an undivided part of the mortgaged premises, where

Theband v. Hollister.

of Clark Hollister, by two agents, one of whom acted under a power of attorney from the widow and George (this agent collected the rents up to February, 1882), and the other (he has collected them since that time) under a power of attorney from them and Josephine. The rents received were applied, after paying taxes, insurance and other expenses upon the property, to paying the interest on the Hawley mortgage (given, as before stated, by George on his third of the property), and the amount so paid is, according to the master's report, $765. The master reports that George should be charged with this sum on account of the principal and interest of his mortgage; that his mortgage was merged by the subsequent descent of an undivided interest in the property to him, and that the balance due on that mortgage should be apportioned between him and Josephine and the complainant. The widow's dower has never been assigned to

it did not appear that there was a payment or merger of the mortgage, or any portion thereof, was held to operate as a release of the portion conveyed from the lien of the mortgage, leaving it to rest solely upon the portion unconveyed. See *First Nat. Bank* v. *Elmore, 52 Iowa 541.*

In *Goodwin* v. *Keney, 47 Conn. 486,* J., in 1846, mortgaged to A. an undivided fifth of certain lands, of which A. already owned three-fifths. A. took possession of the interest mortgaged and remained in possession until her death in 1866. Prior to 1862, A. had acquired J.'s equity of redemption, and in that year devised the premises to G. for life, with remainder to K. In 1863, A. assigned the mortgage to the petitioner, and died in 1866. G. entered into possession under her devise, and was in the occupation thereof when, in 1878, the petitioner began a foreclosure of her mortgage against G. and K.—*Held,* that there had been no merger of A.'s interest in the premises as mortgagee into the equity of redemption purchased by A. of J.

In *Barker* v. *Flood, 103 Mass. 474,* an assignment of a mortgage to one of two owners of the equity of redemption, was held not to discharge it. Also, *Duncan* v. *Drury, 9 Pa. St. 332.*

In *Model Assn.* v. *Boston, 114 Mass. 133,* an assignment of a mortgage to the wife of the mortgagor, after he had conveyed away all his interest in the premises, was held not to extinguish it. See *Bean* v. *Boothby, 57 Me. 295.*

In *Denzler* v. *O'Keefe, 7 Stew. Eq. 361,* B. held lands in trust for a married woman. A mortgage thereon given by his *cestui que trust,* before the conveyance to B., was assigned to him after that conveyance.—*Held,* that the mortgage did not merge.

In *Hatz's Appeal, 40 Pa. St. 209,* a mortgage given to a trustee, in trust for a *feme covert,* was held not to be merged in a subsequent conveyance of the fee to her.—REP.

her, and, as before stated, she did not join in the mortgage to George. It will be seen that the master has charged George with all the net rents of the property, wholly ignoring the right of the widow and Josephine to any part of them. The widow claims that they all belonged to her, seeing that the property was the homestead, and her dower has never been assigned. Had she, herself, let the property she would have been entitled to all the rent. *McLaughlin* v. *McLaughlin*, *7 C. E. Gr. 505; Craige* v. *Morris, 10 C. E. Gr. 467.* And apart from that consideration, she was surely entitled to part of the rents, and Josephine and George also each had a right to part. The report charges George with all the rents, without regard to the rights of the widow and Josephine. The bill, it should be stated, while it prays an account of the rents from George and Josephine, prays none from the widow. The complainant obtained his title after the rents in question accrued and had been collected and paid over to Hawley. He has, therefore, no claim to any account from any one for them. His grantor is entitled, if any one, to that account. The money received from the rents was, in fact, with the consent of the widow and Josephine, paid over to Hawley. The widow and Josephine and George being in possession, received all the rents. George was, of course, entitled to his just share, and if the widow and Josephine chose to give him theirs, the complainant is not aggrieved by it, and can have no advantage from it. And as to his grantor's share of those rents, he has no claim on the widow and George and Josephine, or any of them.

George's mortgage was not merged in his legal title, which was to only an undivided one-third of the premises. And he is entitled to recover the mortgage-money out of the property, notwithstanding his interest in the latter, and he might foreclose the mortgage. *Jones on Mort.* § *849.* The complainant and Josephine might redeem their shares of the property by paying each one-third of the amount due on the mortgage. The property must be sold to make partition. Under the circumstances, it should be sold clear of the mortgage, which is to be paid out of the proceeds of sale after satisfying the widow's claim for dower, which she desires to commute for a gross sum to be fixed by the court.

The exceptions will be allowed, with costs.