THE PITTSBURGH PLATE GLASS COMPANY

*v.*

THE MILLVILLE IMPROVEMENT COMPANY.

[Filed May 5th, 1900.]

Complainant advanced money to defendant under a contract that defendant should manufacture and ship glass to complainant according to orders, that the debt should be secured by a note and mortgage, and that all invoices of glass should have deducted from them ten per cent. of the invoice price, to be credited on the mortgage, which stipulated that the loan should be paid in six months.—*Held*, that, construing the note and mortgage together, they showed no intention that the payment of the debt should be extended until such time as the ten per cent. deducted from invoices shipped should satisfy the mortgage.

On bill, answer and proofs.

*Mr. Robert S. Schiller*, for the complainant.

*Mr. Walter H. Bacon*, for the defendant.

GREY, V. C. (orally).

I do not need to hear you, Mr. Schiller. Nothing that counsel for the defendant has said has altered the impression received upon reading the contract and the mortgage. Those are in writing and have admittedly been entered into by the parties. They continued to be binding upon the parties unless they were in some efficient way altered. Nothing has been here shown by the defendant to indicate that the terms of the contract were altered except two circumstances—the change in the interest rate and the change from giving a note to be secured by the mortgage as named in the contract to the giving of a bond. Those changes from the precise terms of the contract were accepted and assented to by Mr. Wood for the Millville company in giving the bond in place of a mortgage and in making the rate of

interest six per cent. In all other respects the contract must stand upon its terms as expressed in the writing.

The contract provides for the advance of a sum of money in order to enable the Millville company to perfect its works. The provision for the advance of this sum of money is entirely separate and divisible and has no relation whatever to the clause providing for the making of glass and its shipment to the Pittsburgh Plate Glass Company except in one particular, and that is, that all invoices of glass should have deducted from them ten per cent. of the invoice price, to be credited on the mortgage. That was a privilege to the Millville Improvement Company which enabled it to pay back the money which it had borrowed in trade to the extent of ten per cent. of the glass that it shipped; but nowhere, either in the contract or in the mortgage, is there any other provision that the mortgage and interest shall be paid in glass. The contract declares, save as to this ten per cent., that payments shall be made in money, as expressed on the face of the bond and mortgage. The separate agreement, which provided for the loan, was, so far as the bond and mortgage were concerned, completed and executed when the bond and mortgage were given. The privilege of payment of ten per cent. of the invoice price as a credit was an opportunity which the defendant might have whenever it made shipments of glass in accordance with the preceding orders. There was no agreement that shipments of glass should be the mode of payment, but only that in case shipments of glass were made, ten per cent. of them should go on the mortgage as a credit.

Counsel for the defendant insists that this mode of payment provided in the contract was part of the mortgage, and that the two must be held to stand together. I do not see that this provision has any relation to the mortgage except to afford to the defendant an opportunity to pay in that way. If its shipments before the mortgage money fell due and payment of it was demanded had amounted to so large a sum that ten per cent. of them would pay the mortgage, it would have been thus satisfied. But there was no provision that that should be the only mode of payment, nor is there any provision in the contract any-

where that the time of payment of the loan (stipulated in the mortgage to be paid within six months, I think,) should be extended until such time as the ten per cent. deducted off of the price of the invoices shipped should satisfy the mortgage, and yet that is the contention on the part of the defendant.

There is nothing in the contract or in the mortgage, or in any of the transactions between the parties which indicates to me that the mortgage was given as security for the performance of the contract, as was insisted by the defendant's counsel in his opening. I am, therefore, of opinion that the mortgage has no such relation to the contract set up in the answer, that it postponed the time when the mortgage became payable or provided any specific mode of payment of the mortgage other than that named in the bond and mortgage themselves.

Now, necessarily, that makes an end of all questions as a defence to this foreclosure which are raised by counsel for the defendant, touching the performance of the contract, interférence with the performance of the contract, excuse for delay in the performance of the contract, or any other of the incidents which attended upon the requirements of the contract, either upon the part of the Pittsburgh Plate Glass Company, or of the Millville Improvement Company. However, setting aside that view of the case, which, in my judgment, shows conclusively that the complainant is entitled to the relief here sought, if I did consider the mortgage as so attached to the contract set up in the answer, that a performance of the contract by the defendant would be an answer to the seeking of the complainants to foreclose the mortgage, I am still of opinion that the defendant company has failed to show any such performance of its own side of the contract, or any such excuse for non-performance as relieves it from the obligation to respond to this mortgage in accordance with its expressed terms. In short, I think there has been sufficient departure of the defendant company from the terms of the contract shown here to justify the complainant in canceling the contract and insisting upon foreclosure of the mortgage. It is not necessary to state the details of the proofs in that regard. Against my conviction of its irrelevancy, the defendant has been

permitted to open its defence wide enough to present that theory, but it has failed to sustain it.

A decree will be advised that the complainant is entitled to a foreclosure of the mortgage, notwithstanding the facts set up in the answer and proofs.