JOSEPH FEIN ET AL., DEFENDANTS IN ERROR, v. MAX MEIER, PLAINTIFF IN ERROR.

Submitted March 17, 1904—Decided June 13, 1904.

On an inquiry whether a debt recently created by a writing still outstanding has been paid, the burden of proof rests upon the debtor.

On error to the Essex Circuit.

Before GUMMERE, CHIEF JUSTICE, and Justices DIXON, GARRISON and SWAYZE.

For the plaintiff in error, *Frank E. Bradner.*

For the defendants in error, *Benjamin M. Weinberg.*

The opinion of the court was delivered by

DIXON, J. This was an action of replevin brought by a mortgagor to recover certain animals which the defendant, as mortgagee, had seized under his mortgage. The mortgage was dated May 21st, 1902, and was given to secure payment of $565, payable in monthly installments of $50 each, beginning June 15th, 1902. It gave the mortgagee the right to take the cattle and sell them in case of default in payment. The defendant seized the cattle on September 17th, 1902, and the principal controversy at the trial arose on the question whether the installments then past due had been paid. Respecting this question, the court charged the jury that the burden of proof was on the defendant, and an exception to that charge was duly taken and sealed.

We think the charge was erroneous.

The existence of the indebtedness, as stated in the mortgage held by the defendant, being an admitted fact, and the due days for the installments having passed before the seizure, the burden legally rested on the debtor to show payment. In the absence of any evidence, payment of a debt recently created by an instrument in writing still outstanding would not be presumed. "The principle that he who alleges himself to be the creditor of another is obliged to prove the fact of agreement upon which his claim is founded, when it is contested; and that, on the other hand, when the obligation is proved, the debtor who alleges that he has discharged it is obliged to prove the payment, is clearly one of those propositions in which every system of jurisprudence must concur in general, whatever particular rules may be adopted as to the

mode and form of the allegation by which the necessity of such proof is to be determined." 2 *Evans Poth.* 143. "The defendant in an action on a bond containing a condition to pay on a certain day, may plead payment on the day. * * * The proof of this issue lies on the defendant, for he maintains an affirmative.", 3 *Phil. Ev.* 407.

The judgment must be reversed and a *venire de novo* awarded. Let the record be remitted to the Essex Circuit.