THOMAS A. CONLON, APPELLEE, v. NICK HORNSTRA ET AL., APPELLANTS.

Submitted December 7, 1911—Decided March 30, 1912.

1. Proof by the subscribing witness of his signature to a bond is *prima facie* evidence of the due execution of the instrument.
2. A bond for the payment of money in the hands of the obligee raises the presumption that the indebtedness evidenced thereby has not been paid, and a plaintiff suing thereon is not obliged to prove affirmatively that the money due thereon has not been paid.

On appeal from the Passaic District Court.

Before Justices TRENCHARD, MINTURN and KALISCH.

For the appellants, *Andrew Foulds, Jr.*

For the appellee, *Scott & Conant.*

The opinion of the court was delivered by

KALISCH, J. The plaintiff obtained a judgment against the defendants for the sum of $355.90 in the District Court of the city of Passaic, the court sitting without a jury. From this judgment the defendants appeal to this court and assign various reasons upon which they rely for a reversal thereof.

The state of the case agreed upon by the counsel of the respective parties recites, among other matters, the following: "The facts of the case are that the plaintiff, being the holder and owner of a promissory note, D-1, bearing date September 25th, 1909, commenced suit thereon; on the trial day, the defendants requested six months' time and offered the bond, P-1, for the amount of principal and interest, plus the costs of suit, which bond was accepted by and delivered to plaintiff. Default having been made in the payment of the bond this suit was commenced thereon."

The appellants' attack upon the validity of the judgment is wholly confined to alleged errors committed by the trial judge in the procedure before him which led to the judgment.

The appellants' first contention is that the court erred in admitting in evidence the bond P-1 without sufficient proof of its execution and its delivery to the plaintiff.

The plaintiff produced the bond, and the subscribing witness to the bond was called and he testified to the single fact that he was the subscribing witness. The plaintiff then offered the bond in evidence and rested.

There was no objection made by the defendants to the receiving of the bond in evidence, and therefore it will be considered as having been properly received.

After the plaintiff rested the defendants made a motion for a nonsuit on the grounds that the execution and delivery of the bond was not proved, that there was no breach thereof shown, and that nothing was shown to be due. This raised the question as to the extent of the inherent probative force of the bond in evidence.

If the defendants had intended to raise the question as to the sufficiency of the proof establishing the execution and delivery of the bond, the time to have done so was when the bond was offered in evidence, and having failed to do so, it will be considered that the defendants waived all formal proof of its execution and delivery to the plaintiff. But it seems to us that the proof was sufficient and that the bond was properly admitted in evidence.

"Proof of the signature of the subscribing witness alone is *prima facie* evidence of the due execution of the instrument." *Servis* v. *Nelson,* 1 *McCart.* 94.

By the strict rule of the common law it was a prerequisite to the admission of the instrument in evidence to produce the subscribing witness, and if he were dead to prove his handwriting, unless the writing was an ancient one—thirty years old.

1 *Greenleaf on Evidence* 570 states a few other exceptions to the general rule which need not be considered here.

There is no merit in the appellants' contention that there was no proof of the delivery of the bond to the plaintiff or of any breach thereof or of anything due thereon.

The fact that the bond was and remained in the possession of the obligee, the plaintiff, and the further fact that the day of payment of the bond was anterior to the commencement of the action thereon by him, are sufficient to give rise to the presumptions that the bond was delivered to the plaintiff, that there was a breach of the condition thereof, in that the money due thereon had not been paid.

"Where a bill, note, bond or other written evidence of indebtedness is in the hands of the payee or obligee, the presumption arises that the indebtedness evidenced thereby has not been paid." 22 *Am. & Eng. Encycl. L.* (*2d ed.*) 588, and cases cited. *Fein* v. *Meier,* 42 *Vroom* 12.

The motion to nonsuit was therefore properly denied.

The third and fourth grounds relied on by the appellants for a reversal of the judgment and argued in the brief of counsel are not raised by the state of the case and therefore will not be considered.

Judgment will be affirmed.