The complainant, The Oystermen's National Bank of Sayville, as executor of the last will and testament of William C. Edwards, deceased, filed its bill of complaint to foreclose a mortgage made by Richard L. Edwards and wife, bearing *Page 149 
date October 29th, 1915, payable to William C. Edwards November 1st, 1918. The principal sum secured by the mortgage is $20,000, with interest at six per cent., payable semi-annually.
Richard L. Edwards died in the early part of 1926, leaving a last will and testament dated April 13th, 1918, in which he names his son, William C. Edwards, the mortgagee, as executor, under which will William C. Edwards became seized of an undivided two-fifteenths part of the premises under foreclosure.
William C. Edwards, the mortgagee, died in the early part of 1931. Complainant alleges that no part of the principal or interest of the mortgage has been paid.
The defendants admit the execution of the bond and mortgage and every material allegation of fact charged in the complaint, but set up several defenses, which I will dispose of in their order.
One, that upon the death of the mortgagor Richard L. Edwards, testate, William C. Edwards became seized by devise, in fee-simple, of an undivided two-fifteenths part or share of the lands and premises mortgaged, and upon the death of Eliza Edwards, intestate, he further became seized, in fee-simple, of an undivided one-thirtieth part or share of the lands and premises mortgaged, and that by virtue thereof, his mortgage interest and fee-simple title merged to the extent thereof.
Where the mortgagee acquires title to only a portion of the mortgaged premises, there is no merger and no extinguishment of his right to enforce the mortgage against the remainder. This rule applies where the title vests in him by devise, or descends to him under the intestate laws. Theubaud v. Hollister,37 N.J. Eq. 402; 37 Cyc. 1384.
Second, that because the mortgagor lived with his son, the mortgagee, for a considerable period prior to his death, during which time the son transacted all of his father's business, collected his income, paid his expenses, that this raises a presumption in law that any and all interest due on the mortgage prior to the death of the mortgagor was paid. I know of no such presumption. Payment of interest is an *Page 150 
affirmative defense, and, if relied upon by defendants, must be proved by them.
Third, that if the court should "determine that the interest was not, in fact, paid, that then the complainant has lost its right to collect the same by reason of the laches of William C. Edwards in enforcing such obligation, or such part thereof as shall have been due and payable prior to the death of Richard Litton Edwards, the mortgagor."
The mortgage was made October 29th, 1915, and the mortgagee died in the early part of 1931.
It is the rule that the mortgagee is not to be deemed guilty of laches merely because he delays suit to foreclose until close to the expiration of the twenty-year limitation period. The defense of laches involves more than mere lapse of time; its essence is estoppel. It involves a combination of negligence on the part of complainant, good faith on the part of defendant, and prejudice occasioned, or the likelihood thereof, to defendant.
In Wilson v. Stevens, 105 N.J. Eq. 377, the court said: "Even if it be assumed that a forbearance to bring suit is negligence on the part of a mortgagee, I am unable to see how it is the cause of prejudice to the heirs or grantees of a deceased mortgagor. It obviously cannot be prejudicial, if the mortgage debt is still outstanding and unpaid; it could only be prejudicial from the standpoint of difficulty in proving a possible payment or discharge of the mortgage debt. But clearly it is negligent of a mortgagor who pays or discharges his mortgage obligation, to fail to obtain the bond and mortgage, or to have the mortgage canceled or discharged of record; and it is that negligence which is the real cause of prejudice to him or his successors, rather than the mortgagee's delay in bringing suit."
"It is argued that the doctrine of laches should be applied to defeat complainant's suit because suit was not brought for nineteen years after the right to sue accrued, and in the meantime the mortgagor has died, and the loss of his testimony prejudices defendants. But the mortgagor's testimony would have been equally lost if he had died one year after the mortgage fell due, instead of ten years after. Counsel will scarcely *Page 151 
contend that a mortgagee who has delayed one year in suing to foreclose should be barred by laches if the mortgagor has died within that year; yet where is there any ground for distinction? It is obviously not to the public interest to adopt a rule that a mortgagee must sue immediately upon default by the mortgagor under penalty of the risk of being barred for laches if he gives the mortgagor time and the latter dies." What was said by the court in Wilson v. Stevens, supra, applies with equal force to the case at bar.
Fourth, by way of credit on account of the mortgage, defendants claim that since in the codicil to the last will and testament of Richard L. Edwards, William C. Edwards was bequeathed certain stock said to be of the value of $9,840; that this amount should be credited on account of the bond and mortgage now under foreclosure, because the testator said in his will "the same to be applied by him [William C. Edwards] on account and as part payment of my indebtedness to him described in the first codicil to said will." The indebtedness described in the first codicil to the will dated January 1st, 1920, referred to reads: "I am indebted to my son William Corsica Edwards for moneys paid and advanced by him at my request on my behalf and on my account." That testator was indebted to his son with whom he lived for some time prior to his death for small amounts borrowed from time to time, appeared in the testimony of at least two of his devisees, who are defendants. Undoubtedly, the testator referred to this indebtedness, and not to the mortgage debt, for he directed further in said codicil "that the moneys for which I am indebted to the said William Corsica Edwards as aforesaid shall stand charged on the real and personal property devised and bequeathed by my will and the devises and bequests contained in said will shall take effect subject to the charge thereon hereby created."
The fifth defense raised on the hearing is abandoned by defendants in their argument and brief.
There will be a decree for complainants in the sum of $20,000, with interest from the twenty-ninth day of October, 1915, at six per cent. per annum. *Page 152