## Watson v. Trimble.
(Decided Nov. 8, 1935.)

WELLS & WILSON and W. A. BERRY for appellant.

CHARLES FERGUSON and M. C. ANDERSON for appellee.

OPINION OF THE COURT BY JUDGE STITES—Affirming.

This is an appeal from a judgment of the Livingston circuit court, sitting in equity.

U. G. Berry was the owner of 289½ acres of land in Livingston county. He died, leaving this property to his widow for life, with remainder to his heirs. In August, 1919, Mrs. M. C. Trimble purchased an undivided seven-ninths interest in the remainder. In May, 1925, Mrs. Trimble mortgaged her seven-ninths undivided interest in the remainder to the appellant, J. M. Watson. In October, 1928, Mrs. Trimble purchased the life estate of Mr. Berry's widow in the property; thus owning the present life interest and seven-ninths of the remainder. In March, 1930, appellant, Watson, instituted a suit in the Livingston circuit court against Mrs. Trimble to enforce his mortgage lien against "her undivided 7/9 interest" in the property. Mrs. Trimble, a nonresident, was proceeded against by constructive process and made no defense. The court decreed the sale of "her undivided 7/9 interest" as prayed, and the property was bought in by appellant for his debt. In May, 1933, Mrs. Trimble conveyed the estate, pur autre vie, which she had acquired from Mr. Berry's widow, to the appellee, I. N. Trimble. Thereupon, in April, 1934, this proceeding was filed by appellee against appellant, setting out that the Widow Berry was still alive and that appellant had wrongfully taken possession of the land under the deed from the commissioner when such deed conveyed to him only an undivided estate in remainder. Appellee asked for a declaration of rights and for judgment for the fair rental value of the land during the period of its occupancy.

The only question for our determination, and the only one argued, is whether or not the purchase of the life estate of the Widow Berry by Mrs. Trimble thereby extended the security of appellant's mortgage on her interest in the remainder to include the present estate.

It is argued for appellant that the purchase by Mrs. Trimble of the life estate operated as a merger of that estate with her remainder interest. He relies on the case of Fox v. Long, 8 Bush, 551. That case, however, involved simply a question of liability for taxes as between the life tenant and remainderman, where the latter was held to have purchased the life estate by an

agreement to pay so much per annum for the possession of the property during the life of the life tenant. It does not materially enlighten the present situation.

Clearly, there is no "acceleration" of the remainder in this case. The only thing mortgaged, and the only thing sold at the decretal sale, was the seven-ninths interest in remainder. There was no attempt to proceed in rem against the life interest after procuring a deficiency judgment. Nor is this a case where the fee was mortgaged when the mortgagor owned only a remainder interest. The purchase of the life estate could not precipitate the remainder even if there was a merger of the two estates. No one claims that the two-ninths interest in remainder now outstanding are entitled to possession before the death of Mrs. Berry.

There can be no merger where it is contrary to the intention of the parties or where outstanding rights of third persons intervene. Kentucky Statutes, 1930 Edition, sec. 2347; Wiedemann v. Crawford, 158 Ky. 657, 166 S. W. 185; Jones on Mortgages (8th Ed.) sec. 1080. There was certainly no intent on the part of Mrs. Trimble to effect a merger on the purchase of the life estate. Her actions demonstrate the contrary. Furthermore, the outstanding right of appellant intervened.

The chancellor's finding accords with the views here expressed.

Judgment affirmed.