[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 329 
The credible evidence fashions the following narrative of the transaction out of which the present litigation has emerged. The plaintiff has for many years been a dealer and distributor of automobiles in Perth Amboy, New Brunswick, and South River in Middlesex County. Apparently he is a scrupulous and veracious business man. In May 1928 an acquaintance introduced to him Mr. William J. Dick who was desirous of purchasing an automobile. Mr. Dick selected a seven-passenger Studebaker automobile, but it transpired that he was unable to make an initial payment in cash of more than one-third of the purchase price. Such sales are characterized in the trade as "lean deals," and in such bargains some collateral security is conventionally required.
It is the indubitable inference that Mr. Dick not only voluntarily agreed to execute and deliver to the plaintiff a promissory note evidencing his indebtedness for the balance of the purchase price of the vehicle but additionally to secure the payment of his debt by a chattel mortgage on the car and a mortgage on his parcel of land situate in the Borough of *Page 330 
Metuchen. He executed the real estate mortgage on May 17, 1928, and the note and chattel mortgage on May 19, 1928, whereupon he received possession of the automobile.
At the maturity date of the note, the debt was not paid and the plaintiff was unable to locate either the debtor or the automobile. The debtor had absconded and has ever since dodged the plaintiff and evaded his indebtedness.
On October 10, 1947, the plaintiff instituted the present suit in the Court of Chancery to foreclose his real estate mortgage. The mortgage had been recorded on May 23, 1928.
The public records reveal that on December 1, 1931, Mr. Dick still aloof resolved to convey the mortgaged premises to Walter G. Quackenbush and Anna G. Quackenbush, his wife, in extinguishment, it is said, of an indebtedness to them. On July 14, 1941, Walter G. Quackenbush died leaving him surviving, his widow, Annie, who died intestate on May 12, 1945, leaving Walter H.E. Quackenbush, Maude Mason, Arlie Therkelsen, and Percy J. Quackenbush as her next of kin and heirs at law. The latter by mutual agreement vested the title of the premises on August 5, 1945, in the defendant Walter H.E. Quackenbush. Obviously all of those successors in title had constructive notice of the plaintiff's mortgage.
In its factual characteristics this case closely resembles the suit entitled Wilbur v. Jones, 80 N.J. Eq. 520,86 Atl. 769, except that in the present action the basic indebtedness has not been paid. Although payment was averred there was no proof offered to sustain that defense. Fein v. Meier,71 N.J. Law 12, 58 Atl. 114, affirmed 74 N.J. Law 597, 65 Atl. 1117;Conlon v. Hornstra, 82 N.J. Law 355, 83 Atl. 183. Moreover, the mortgagor did not appear at the final hearing.
The point projected by the defendant that the condition of the mortgage of May 17, 1928, was fulfilled by the mortgagor upon his execution and delivery of the note and chattel mortgage on May 19, 1928, is not impressive. The order form, the note and the two mortgages were essentially contemporary instruments. Collectively they embodied the entire contract relating to the sale of the automobile. Parol evidence was admitted to identify the transaction, the debt incurred, *Page 331 
and the true object of the mortgage in suit. Pittsburgh PlateGlass Co. v. Millville Improvement Co., 59 N.J. Eq. 527,46 Atl. 211, affirmed 61 N.J. Eq. 671, 47 Atl. 1132; Campbellv. Perth Amboy Shipbuilding, c., Co., 70 N.J. Eq. 40, 59,62 Atl. 319, affirmed 71 N.J. Eq. 302, 71 Atl. 1133; OceanCounty National Bank v. Stillwell, 123 N.J. Eq. 337,197 Atl. 286. Indeed the sale of the automobile is the only business transaction in which the plaintiff and the mortgagor ever engaged. I surmise it will be the last.
I find it to have been the common intention that the mortgage in suit would constitute further security for the actual payment of the balance of the purchase price of the car amounting to $1,050. It is explained that at the final consummation of sale on May 19, 1928, there were some accessory charges which increased the indebtedness to $1,093.
The defense of laches is not tenable in the circumstances of the present case. The mortgagor decamped, the economic depression intervened, and the defendant and his predecessors in title, with notice of the lien, never endeavored to discharge the mortgage. See, Wilson v. Stevens, 105 N.J. Eq. 377, 387,148 Atl. 392; Oystermen's Nat. Bank of Sayville v. Edwards,112 N.J. Eq. 148, 163 Atl. 445.
Judgment for the plaintiff.