McKinney's Administratrix *vs.* Slack and wife.

When, to a suit for the foreclosure of a mortgage, the defence set up is payment, the burthen of proof is upon the defendant, and the proof must be clear.

On final hearing.

*Mr. Linn*, for complainant.

*Mr. Hamilton*, for defendants.

The Chancellor.

The suit is to foreclose a mortgage. The only defence is payment, alleged to be made to complainant's intestate. The

burthen of proof is on the defendants; this defence set up in their answer is new matter in avoidance of the claim in the bill, and therefore the allegations in the answer are no evidence of it. The proof consists in admissions made by the intestate to several persons, that this mortgage was paid. These admissions are evidence; but admissions in casual conversations, to persons having no interest in the matter, are the lightest and most unreliable of all kinds of evidence, especially when the party whose admissions are offered is dead, and cannot recall to the witness the circumstances under which they were made.

The payments are alleged to have been made from time to time, and the last to have been made on the 1st of July, 1865, five months before the death of the intestate. It seems strange in this case, where all payments of interest appear to have been regularly entered upon the bond or mortgage, including one made after April 1st, 1865, that these payments of principal were not so entered; and the excuse that the bond and mortgage were not at hand, would be no reason why the intestate should not have entered them when he got to his home. A single payment, persons not accustomed to receipts or endorsements might have entrusted to memory for a few days; but for payments made of principal from time to time, no person of ordinary prudence would have omitted to take receipts, if the papers were not at hand. Payment to one who has since died, under such circumstances, requires clear proof.

But the proof by the complainant clearly outweighs all this evidence of the defendant. In August, 1866, the defendant, Phœbe Slack, more than a year after she claims to have paid off the whole of the principal, paid to the complainant one year's interest, due April 1st, 1866, when, according to her statement, there was only three months' interest due on any of it, the last of the principal having been paid July 1st, 1865. This was paid without disputing the amount, without alleging that she had paid off the whole principal, or inquiring whether the complainant had not

some account or memorandum of her husband that the principal had been paid. The only witness present was somewhat deaf, but she heard most of the conversation, and it is not credible that so important a matter as that would have escaped her.

Again, on the 3d day of August, 1866, Mrs. Slack declared to the assessor, under oath, that she owed $600 on this mortgage, and is entitled to have it deducted from her taxable property. In answer to this, she can only allege her own perjury.

Again, about the time of the commencement of this suit, she went to several of the witnesses to borrow money to pay off this mortgage, and did not complain to a single one that she had once paid it, and, in consequence of not having a receipt, would be compelled to pay it again. It is not probable that a woman in the country, going about among neighbors who had known her and her fortunes for years, would have omitted to make a statement so natural under such circumstances.

There must be a decree for the complainant.