BARNED *vs.* BARNED.

1. A mortgage is presumed to be satisfied, if no claim has been made and no interest paid upon it within twenty years after it becomes due, and no circumstances are shown to explain the delay and rebut the presumption.

2. Payment will not be presumed, because the statute of limitations has, at law, barred a suit on the bond.

Mayer v. Mayer.

Argued upon final hearing, on bill, answer, and proofs.

*Mr. J. Evans*, for complainant.

*Mr. T. D. Hoxsey*, for defendant.

THE CHANCELLOR.

The bill was filed November 10th, 1869, to foreclose a mortgage made April 7th, 1847, to secure a sum payable in three years from the date. The mortgage was accompanied by a bond with the same condition, on which no interest was paid after April, 1848. The defendant sets up the statute of limitations. I must take the rule in such case to be settled by the decision of Chancellor Vroom, in *Wanmaker's Ex'r* v. *Van Buskirk, Saxt.* 685, that a mortgage is presumed to be satisfied, if no claim has been made, and no interest paid upon it within twenty years after it becomes due, and no circumstances are shown to explain the delay and rebut the presumption; and that payment will not be presumed, because the statute of limitations has, at law, barred a suit on the bond. In the Wanmaker case, the statute of limitations had clearly run as against the bond, but it was held that the mortgage was valid, and that presumption of payment did not exist.

The complainant is entitled to a decree.