ADAM FRITZ

*v.*

JOHN SIMPSON.

A bill to redeem a past-due mortgage, and for an account of the rents and profits of the premises during the mortgagee's possession, and for a discovery as to the present holder of the mortgage, was filed by the mortgagor. On demurrer—*Held*, that complainant was entitled to the account sought, but not to redeem; it appearing by the mortgagee's answer that he had assigned the mortgage to a person whom he mentioned. But, a tender of the amount due on the mortgage having been made to the mortgagee before the filing of the bill, held, also, that such tender bound the assignee of the mortgage so far as interest thenceforward was concerned, since he had neglected to have his assignment recorded, and the mortgagee, on inquiry at the time of the tender, refused to divulge his name, and the mortgagor had no notice of the assignment. The cause was directed to stand over to enable the mortgagor to bring in the assignee.

---

Bill to redeem. On final hearing on bill and answer.

Fritz v. Simpson.

Mr. W. B. Maxson and Mr. F. Bergen, for the complainant.

Mr. R. V. Lindabury, for the defendant.

THE CHANCELLOR.

The bill is filed by the owner of the mortgaged premises against the mortgagee, to redeem the mortgage, which is past due. It prays a discovery as to who is the holder of the mortgage, if it has been assigned, and an account of the rents and profits of the premises since they have been in the possession of the mortgagee, who, according to the bill, took possession of them as mortgagee, and let them to the mortgagor after the latter had ceased to own the property. The bill states that a tender was made to the mortgagee, on behalf of the complainant, before the filing of the bill, of the full amount of principal and interest due at the time on the mortgage, but that he refused to receive it, saying that he had not the mortgage, but had assigned it, and he refused to state to whom he had assigned it. The answer states that on the 2d of May, 1881 (the tender was made in July of that year), the defendant assigned the mortgage to Samuel M. Smith. It does not deny that the tender was made and refused, nor that the defendant refused to state to whom he had assigned the mortgage, but is silent on those subjects. It denies, by way of demurrer, the complainant's right to an account and to a decree for redemption against the mortgagee. The demurrer is not well taken. The complainant is entitled to an account from the mortgagee of the rents and profits during the time the latter held the mortgage, and is also entitled to redeem the mortgage as against the holder thereof. Up to the time of filing the answer, it did not appear but that the defendant was the holder. By virtue of the provisions of the thirty-fourth section of the act concerning mortgages (Rev. 708), payment to the mortgagee, in good faith, and without notice of the assignment, the assignment being unrecorded, would have satisfied the mortgage. And inasmuch as the assignee in this case did not cause his assignment to be recorded, the effect of the tender, if made in good faith and without notice of the assignment, will be to stop the interest

from the time when the tender was made. The complainant insists that he is entitled to a decree of redemption against the defendant, and he cites the case of *Mitchell* v. *Burnham, 44 Me. 286,* in which it was held that where an assignment of mortgage has not been recorded nor any notice of it given, tender may be well made and notice to account given to, and a bill to redeem maintained against, the mortgagee. In that case the tender was accepted by the mortgagee, however, and the alleged assignee (there does not appear to have been any assignment in fact) was made a party to the bill. The owner of the equity of redemption cannot be deprived of his right to redeem the mortgage by means of secret assignments. Nor will the court permit the holders of the mortgage to frustrate or baffle him by such means in his efforts to that end. So soon as it appears necessary to do so in order to protect the owner of the property against bad faith in the matter, the court will order that the money be paid into court (in this case it was, according to the bill, paid in on the filing of the bill), and that the mortgage be canceled. The cause will stand over, without costs, with leave to the complainant to file a supplemental bill to bring in Smith and the defendant; the mortgagee will be ordered to answer further, giving the account prayed for, and otherwise completing his answer to the bill.