OTTO RAU and JOSEPHINE RAU, complainants-appellants,

*v.*

JOB V. DOREMUS et al., defendants-appellees.

[Argued May 18th, 1927. Decided October 17th, 1927.]

1. On motion to dismiss a bill of complaint before hearing, all the facts pleaded must be taken as true and only the bill and its allegations looked to or considered; and the bill should not be dismissed if it presents a case for any relief.

2. The statute of limitations applies to a suit in equity to foreclose a mortgage, under the rule that the right to foreclose ceases when the legal right of entry is barred.

3. Payment of interest on a mortgage by the mortgagor or his grantee within twenty years prior to the filing of a bill to foreclose will toll the statute of limitations.

On appeal from a decree of the court of chancery advised by Vice-Chancellor Church, whose opinion is reported in *100 N. J. Eq. 434.*

*Mr. Philip Goodell,* for the appellants.

*Mr. Paul M. Fischer,* for the appellees.

The opinion of the court was delivered by

HETFIELD, J.

This is a suit to foreclose two mortgages, and the question for decision is whether the court of chancery was justified in granting the motion of the defendants to strike out the bill of complaint, which alleged the following facts: On January 1st, 1874, Henry V. Doremus and wife made a mortgage on certain premises in the township of Caldwell, county of Essex, to the Citizens Insurance Company for $1,300. By written assignment dated October 25th, 1878, Warren Doremus became the owner of said mortgage. On June 17th, 1875, the said Henry V. Doremus and wife executed to Warren Doremus a mortgage for $1,000, upon the same land described in the first mortgage. Warren Doremus died intestate on October 29th, 1913, and on October 1st, 1914, his heirs at law assigned both mortgages to the complainants in this action. On or about July 3d, 1912, the said Henry V. Doremus, being then the owner of the premises and in possession, signed and delivered to the said Warren Doremus, then the owner of both mortgages, a document reading as follows:

"Montclair, July 3, 1912.

This is to certify that the wood and hay cut from the 'Lord North' lot in the 'Big Piece' by Warren Doremus for interest on mortgages and note held by him, and for taxes on said lot, was with my knowledge and consent, and that I am satisfied.

HENRY V. DOREMUS."

The bill further alleges that when the mortgages were assigned to the complainants, the said arrangement was continued and is still in force and effect. The bill also avers: "The whole amount of principal is due upon complainants'· bonds and mortgages." Henry V. Doremus died about December, 1913, intestate, and his heirs at law are the defendants in this suit.

The motion to strike out the complainants' bill was based upon the contention that it disclosed no ground for action or relief, and "that the presumption of the payment of said mortgages by said Henry Doremus, mortgagor, and these defendants or either of them, is conclusive, by reason of the lapse of time between the making of said mortgages, the non-payment of the same or any part thereof, and the filing of the bill of complaint, being a period of over fifty years, and no notice for payment or recognition of the same is alleged or shown for the collection of the mortgages from said mortgagor or these defendants, sufficient to satisfactorily account for or excuse said delay as a bar to said presumption of the payment of said mortgages."

The learned vice-chancellor concluded that the motion to strike out should be granted, and thereupon advised a decree, holding that the mortgages are conclusively presumed to have been fully paid and satisfied by the lapse of time, without sufficient excuse to explain the delay in payment of either · principal or interest, for a period of over twenty years.

At the argument on the motion, there was nothing before the court for consideration, excepting the bill of complaint, therefore, all the facts pleaded must be taken as true and only the bill and its allegations looked to or considered; and the bill should not be dismissed if it presents a case for any relief. *Mansfield* v. *Kraus, 101 N. J. Eq. 287.*

We do not think that the complainants' bill shows that the right of recovery for principal is barred by the presumption of payment, and are of the opinion that the allegations are sufficient to toll the statute of limitations.

The facts as alleged are in favor of the charge that the whole amount of principal is due upon complainants' bonds and mortgages, as there is a probable inference, by reason of

the document signed by Henry V. Doremus, and the allegation that the same arrangement was continued and is still in force and effect (which must refer to the document), that interest on the mortgages had been paid and accepted, by the arrangement referred to, prior and subsequent to the date of said document, and if this be true, the presumption of payment of the mortgages would not prevail. While the signed document may be somewhat uncertain, and refers to a note as well as the mortgages, yet, it is sufficient, together with the averment, that only the principal debt is still due and owing, without any proof to the contrary, to indicate that there had been an adjustment and payment of interest on the mortgages in question within twenty years prior to the filing of the bill to foreclose, and explains the delay in the enforcement of the rights under the mortgages.

In the case of *Wilbur* v. *Win, 89 N. J. Eq. 278,* it was held that a letter written by the mortgagor to the complainant, asking her to give him credit on an account consisting of principal and interest due on mortgages, and a balance of a store account, was a sufficient acknowledgment of the existence of mortgage debts, so that the presumption of payment would not prevail, although more than twenty years had elapsed without cash payment on principal or interest.

It was held in the case of *Magee* v. *Bradley, 54 N. J. Eq. 326,* that where a mortgage is twenty years over due and there is no proof that during that period the mortgagor or assignee in possession had made any payment upon or otherwise recognized its existence, it is presumed to have been paid, but the presumption may be rebutted by any creditable evidence that it is still unpaid.

The decisions of this court have settled the rule that the statute of limitations applies to a foreclosure suit in equity, and that the right to foreclose ceases when the legal right of entry is barred, *and also that payment of interest on the mortgage by the mortgagor or his grantee within twenty years of the filing of the bill will prevent the running of the statute. Blue* v. *Everett, 55 N. J. Eq. 329;* affirmed, *56 N. J. Eq. 455; Colton* v. *Depew, 60 N. J. Eq. 454.*

The decree in favor of the defendants should be reversed.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, JJ. 13.