This bill is to foreclose an $1,800 mortgage given by Mary P. Kylar to the Irvington Building and Loan Association, July 18th, 1906, and by the association assigned to the complainant June 21st, 1907. The mortgage covered the Kylar home in the town of Irvington. The complainant issued a standard policy of fire insurance for $3,000 on the house to Mrs. Kylar as owner, payable to the building and loan association as mortgagee. The policy contained a provision that —
"Whenever this company shall pay the mortgagee [or trustee] any sum for loss or damage under this policy and shall claim that as to the mortgagor or owner, no liability therefor existed, this company shall, to the extent of such payment, be thereupon legally subrogated to all the rights of the party to whom such payment shall be made, under all securities held as collateral to the mortgage debt, or may at its option, pay to the mortgagee [or trustee] the whole principal due or to grow due on the mortgage with interest, and shall thereupon receive full assignment and transfer of the mortgage and of all such other securities; but no subrogation shall impair the right of the mortgagee [or trustee] to recover the full amount of their claim."
The policy also contained this condition:
"No suit or action on this policy, for the recovery of any claim, shall be sustainable in any court of law or equity until after full compliance by the insured with all the foregoing requirements, nor unless commenced within twelve months next after the fire."
One of the requirements was that the insured should, within sixty days after a fire, render proof of loss.
A fire occurred. Mrs. Kylar never made any claim for the loss nor brought a suit within twelve months. More than sixty days having elapsed after the fire, the insurance company asserted non-liability to the insured, paid the loss to the mortgagee and took an assignment of the mortgage. Title to the property afterwards came to the defendant Fitzsimmons, who claims that the mortgage was discharged by *Page 439 
the payment of the insurance to the mortgagee, and counter-claims that the mortgage be surrendered for cancellation.
The insurance company was not liable to the insured because of her failure to make proof of loss, as conditioned by the policy, and, having repudiated its liability upon payment to the mortgagee of its loss was entitled to subrogation to its rights under the mortgage, and to an assignment of the same. Hare v.Headley, 54 N.J. Eq. 545; Ordway v. Chase, 57 N.J. Eq. 478.
It is also claimed that the complainant is in laches, having for nearly twenty years abstained from bringing its suit. The complainant is suing to enforce its legal right under its mortgage, assigned to it upon consideration of subrogation as well as purchase, and, having brought the action before the time expired for the right of entry into possession under the mortgage, the plea of laches is not admissible. Rau v.Doremus, 139 Atl. Rep. 170.
The complainant is entitled to a decree.