In June, 1923, the complainant assigned a mortgage of the Atlas Realty Company in the principal sum of $82,404 (eighth as to one tract of land and sixth as to another) to The East Orange Bank as collateral security "to secure the said *Page 414 
The East Orange Bank for any moneys advanced, liability, loss, damage, charges and expenses, by reason of their discount of and loans upon any and all notes of Morris Meltz, Atlas Realty Company, Troy Realty Company, or any or either of them, heretofore or hereafter made to The East Orange Bank, including a certain note for $5,000, dated June 7th, 1923, and certain other notes aggregating the sum of $23,546.50 as well as all future notes held by The East Orange Bank, together with any extensions or renewals thereof, with all interest and charges thereon."
The complainant, her husband, Morris Meltz, and her son, Harry Meltz, were the sole stockholders of the Atlas Realty Company and the Troy Realty Company. It is admitted that the assignment was made to induce further credit to Morris Meltz and the two corporations. On the date of the assignment the obligations of Morris Meltz and the two corporations held by the bank amounted to $28,546.50. These obligations were later increased to $81,909.40, which, with accrued interest of $3,121, amounted on February 17th, 1925, to $85,040.40. On September 18th, 1923, Atlas Realty Company, by bargain and sale deed, conveyed the premises covered by the mortgage to Mortgage-Bond Company of New Jersey subject to the encumbrances. A contemporaneous declaration of trust executed by the grantee to the grantor (but unrecorded) declared that the conveyance was upon trusts therein recited which, shortly, were to the effect that the conveyance was made to further secure The East Orange Bank and the First National Bank of Belleville for loans made and to be made to the grantor, to Troy Realty Company and to Morris Meltz, and to reconvey upon payment in full of all obligations due and owing to the said banks. This document further provided for the collection of the rents and their disposition and application and also provided for sale of the premises by the grantee on default therein specified. Default occurred, and on January 15th, 1924, Atlas Realty Company executed a quit-claim deed to Mortgage-Bond Company of New Jersey for the premises previously conveyed by deed of September 18th, 1923, and surrendered the trust agreement. Both conveyances referred to were assented to in writing by the three Meltzes, as all of the stockholders of the Atlas Realty *Page 415 
Company. Thereafter, on November 20th, 1924, the Mortgage-Bond Company of New Jersey sold the premises to the defendant Sinnema "free of encumbrances," taking as payment certain cash, purchase-money mortgages and securities. Out of the proceeds of this sale the various encumbrances against the property, including the Ray Meltz mortgage of $82,404, were paid. The amount due on that mortgage was paid to The East Orange Bank and the proceeds of such payment applied by that bank to the payment of the Atlas Realty Company, Troy Realty Company and Morris Meltz obligations held by the bank. After the application of the proceeds of this mortgage to the payment of such obligations there was still a small balance due the bank. The property was sold by the Mortgage-Bond Company for $537,000. The proceeds of its sale were insufficient to pay the encumbrances and the sums advanced by the Mortgage-Bond Company for carrying charges on the property.
The bill prays that the mortgage assigned by the complainant to The East Orange Bank be declared a valid and subsisting lien prior to subsequent recited encumbrances and that complainant he declared to be the owner of the mortgage notwithstanding the assignment; that an account be taken of the amount due thereon, decree for payment and sale of the mortgaged premises to satisfy such decree. Several mesne conveyances are recited subsequent to that from the Mortgage-Bond Company to Sinnema. The record title is now in the defendant Lonzello. The evidence submitted in this cause shows conclusively that the mortgage has been paid and canceled of record. It cannot, therefore, be foreclosed. The Mortgage-Bond Company has fully and satisfactorily accounted in this proceeding for the proceeds of sale of the property conveyed to it by the Atlas Realty Company; and The East Orange Bank has fully and satisfactorily accounted for the proceeds of the Atlas Realty Company mortgage.
The validity of the assignment of the mortgage by complainant to The East Orange Bank is challenged by her counsel as a violation of section 5 of the Married Woman's Property act and because of lack of consideration, but in my judgment the provisions of that act are not contravened. Campbell v. *Page 416 Tompkins, 32 N.J. Eq. 170; Colonial Building and LoanAssociation v. Griffin, 85 N.J. Eq. 455; Lawshe v. TrentonBanking Co., 87 N.J. Eq. 56; McMurtry v. Bowers, 91 N.J. Eq. 317.
As to the validity of the pledge of this mortgage for future advances, see Newark Trust Company v. LackawannaInvestment Co., 88 N.J. Eq. 541.
The distinction between executed and executory contracts made by Chief-Justice Beasley in Warwick v. Lawrence, 43 N.J. Eq. 179,
and referred to by counsel for complainant, applies to the contract of suretyship — in this case the assignment of the mortgage, which was completely executed and not executory. Besides, the mortgage has been paid and the proceeds were applied to the payment of the obligations for which it was pledged prior to the filing of this bill and prior to the challenge of the validity of the assignment.
Whether or not the complainant received any consideration for the assignment is immaterial. Walker v. Dixon Crucible Co.,47 N.J. Eq. 342. In that case, the chancellor said:
"It is settled in this state that a married woman may not bind herself by a promise to pay the debt of another, but that she is completely invested with the power to dispose of her property and may transfer it to secure the payment of another's debt, and that when she has actually made such disposition, she cannot afterwards, at will, avoid it."
The bill will be dismissed.