One portion of a tract of land is owned by defendant Edna Stevens, to whom it was conveyed by deed in 1909. The other portion is owned by defendant Robert Stevens, to whom it was conveyed by deed in 1923. The entire tract is encumbered by a mortgage for $1,000 covering an undivided one-ninth interest therein — which mortgage was made by Charles M. Meeker to James Y. Wilson in 1908 and duly recorded. The mortgage debt matured in three years from the date.
In 1918 Meeker, the mortgagor, died. In 1925 Wilson, the mortgagee, died, and his administrator subsequently filed this bill to foreclose — some nineteen years after the date of the mortgage.
The bill alleges (in the usual form) that Meeker being indebted to the mortgagee on August 17th, 1908, in the sum of $1,000, on that day executed bond for that amount, and mortgage as security for the payment of the bond; also that *Page 379 
the principal of the bond, with interest from its date, is due to complainant (as the administrator of the deceased mortgagee).
The answer denies the indebtedness and the making of the bond and mortgage; denies that the principal and interest is due (it also alleges that the bond and mortgage are forgeries and void, but no attempt was made to prove this at the trial).
At the hearing the recorded mortgage was produced and its execution and delivery thereby duly proven — also the death of the mortgagee and the qualification of complainant as administrator. The bond was not produced; complainant testified he had diligently searched but had not been able to find it. No real attempt was made by defendants to prove that no bond was executed, or that no indebtedness existed at the date of the mortgage.
Under the circumstances the existence of the indebtedness and the execution and delivery of the bond must be found as facts, since they are admitted by the mortgagor in a recital in the mortgage which he executed and delivered. There was also corroborative testimony by a son of the deceased mortgagee, as to the indebtedness and the execution of the mortgage. This son, who had kept his father's books and made out his income tax reports during the period in question, also testified that he did not know of any payment of principal or interest to his father, before the latter's death; that he believed he would have known if any such payment had been made; the administrator testified that no payments had been made to him since the father's death. No evidence was offered by defendants to show any payment or any discharge, or release, or assignment of the bond or mortgage.
It is not necessary, in order for the mortgagee or subsequent holder of a bond and mortgage to make out a prima facie case in a foreclosure suit, to offer satisfactory prima facie evidence that no payment has been made on account of the mortgage indebtedness. In a suit on a bond, the bond being produced by the plaintiff and duly proven or admitted, a prima facie case is made; payment or discharge are affirmative *Page 380 
defenses to be set up and proven by defendant. Fein v. Meier,71 N.J. Law 12; Conlon v. Hornstra, 82 N.J. Law 355.
It is logical to apply the same rule in a suit to foreclose a mortgage. The mortgage is a conveyance, with a provision that it shall become void on performance of a condition subsequent. It is for the defendant to assert and prove the performance of that condition — or any other affirmative defense which would avoid the conveyance. So, if the mortgagee produce and prove the bond and mortgage, he establishes his prima facie case; he need not offer evidence that no payment has been made. If the suit is by a subsequent holder of the bond and mortgage he must of course allege and prove the assignments or other steps in the devolution to himself of title to the bond and mortgage. Cornelius v.Halsey, 11 N.J. Eq. 27; Flemming v. Iuliano, 92 N.J. Eq. 685.
This was done in the instant case by proof of the death of the mortgagee and qualification of complainant as administrator.
Defendants contend that the bond being not produced, complainant must introduce evidence to negative the possibility that it was assigned to another party or was destroyed or given back to the obligor by way of discharge or release — citing the text in 42 C.J. 115 § 1674, and cases in the subjoined note. It is there stated as the general rule that in the absence of the production of the bond, such failure must be "satisfactorily accounted for." If that means that the burden of proof is cast on complainant to show that the bond has not been assigned or given back or intentionally destroyed (and some of the cases cited in the note go to that extent — it has not been deemed necessary to examine all of them), this court cannot concur therein.
The basis assigned for the rule, as stated, is the possibility that the bond may have been paid or otherwise discharged, or assigned — and hence, that if recovery were permitted without disproof of these possibilities, injustice might be done. But protection against such possibility of injustice — if defendant is entitled to such protection — can be given by requiring *Page 381 
complainant to give indemnifying security. It is much more likely that the adoption of such a rule as that stated would work injustice to the complainant than that the absence of the rule would work injustice to the defendant. Moreover, it is not perceived that such a rule can be rested upon any logical basis.
As has been seen, it is essential to complainant's cause of action that he establish the making and delivery of the bond and mortgage, and that he is either the person to whom they were made and delivered or the legal successor in title to such person. Having done that his prima facie case is complete. Payment, satisfaction and discharge, assignment — are all affirmative defenses to be alleged and proved by defendant.
Production of the bond and mortgage and proof of the signatures is one way of establishing complainant's right of action — but it is not the only way. It may be established by defendant's admissions, or by other evidence. Suppose the suit to be against the original mortgagor and that defendant admits the making of the bond and mortgage, sets up no allegation of payment or discharge, but simply denies that complainant is the administrator of the deceased mortgagee, and that complainant's evidence on this, the sole issue, is complete and conclusive. The absurdity of denying complainant decree because he did not produce the bond and mortgage would be apparent.
So also, in a suit by the original mortgagee against the original mortgagor, suppose the defendant in his answer denies the making of the bond and mortgage, and sets up no other defense; and that complainant although unable to produce the bond and mortgage because of temporarily having mislaid them, establishes by overwhelming and incontrovertible evidence that defendant did execute and deliver them, and defendant offers no evidence whatever to the contrary. Would it not be equally absurd to deny complainant decree?
The only argument which could be advanced in support of such a ruling, in either of these supposititious cases, would be the protection of defendant against the possibility of having *Page 382 
to pay a second time in case the bond and mortgage had been assigned to some third party. This protection, if necessary, could be afforded by requiring complainant to give indemnifying security. I say, "if necessary," because it would seem that it would not be necessary; that any such assignee who had failed to give notice to the defendant or to record his assignment, would be estopped from recovering against defendant after the latter, in ignorance of any such assignment, had paid or satisfied the original mortgagee. Weinberger v. Brumberg, 69 N.J. Eq. 669;Fritz v. Simpson, 34 N.J. Eq. 436.
All that is necessary, then, when the making of the bond and mortgage is in dispute, and that is the sole issue, and the bond and mortgage (or either of them), are lost and not produced, is that complainant shall establish by evidence satisfactory to the mind of the court, that the bond and mortgage were in fact made and delivered. That being the sole issue, and the court being satisfied that complainant has established it, complainant clearly will be entitled to decree.
The bond is not the debt, but only evidence of the debt. Its loss or non-production cannot per se defeat complainant's right to foreclose the mortgage (Stimis v. Stimis, 60 N.J. Eq. 313
— at p. 321), although it might, of course, be a material fact to be considered with all the other evidence, if there were a claim that the mortgage debt had been paid or satisfied.
In the instant case the original parties to the instrument are both dead. The administrator of the mortgagee sues; the defendants are subsequent grantees of the mortgaged premises. The defendants set up in their answer only two defenses: (1) they deny the making of the bond and mortgage, and (2) they deny that the mortgagor was indebted to the mortgagee.
On the first issue, the burden is on complainant. He produces and proves the mortgage. He does not produce the bond, admits that he has not been able to find it, after thorough search. The solemn written admission of the mortgagor, over his signature and seal, in the recital in the mortgage, *Page 383 
as to the making of the bond and the terms thereof; plus the corroborative testimony of the mortgagee's son, who knew that the transaction was had as a settlement on a balancing of the mortgagor's indebtedness to the mortgagee, is evidence satisfactory to the court, especially in the absence of any contradictory evidence, of the execution and delivery of the bond, and its terms.
The denial that the mortgagor was indebted to the mortgagee — often referred to as want of consideration or failure of consideration — is also an affirmative defense. The burden of proving it is on defendants. Jones Mort. (8th ed.) § 1891.
A bond and mortgage being under seal, consideration is presumed and need not be proved. "And neither courts of law or equity will allow the consideration to be inquired into for the sake of declaring the instrument void for want of consideration; but they will, for the purpose of ascertaining what is due upon it."Farnum v. Burnett, 21 N.J. Eq. 87 (at p. 89); Shotwell v.Shotwell, 24 N.J. Eq. 378 (at p. 385). See, also, Campbell
v. Tompkins, 32 N.J. Eq. 170; affirmed, 33 N.J. Eq. 362. InMelick v. Dayton, 34 N.J. Eq. 245, a defense of this kind was set up, and it was held that defendant had not borne the burden of establishing it by sufficient evidence. In McMichael v.Webster, 57 N.J. Eq. 295, a similar affirmative defense was set up, and it was held that defendant had clearly established it.
In the instant case the defendants have not sustained the burden of proof. There is no evidence in their favor; there is the testimony, already hereinbefore referred to, in favor of complainant. This issue likewise must be determined in favor of complainant.
There are no other issues. The question of the possibility of payment or discharge is not in the case. No such defenses are alleged in the answer — nor is there any evidence to support such defenses, if leave should be asked to amend. It may be pointed out, however, that mere lapse of time, short of the statutory period of limitation, creates no presumption of payment.Snediker v. Everingham, 27 N.J. Law 143; Wanmaker'sExecutors, v. Van Buskirk, 1 N.J. Eq. 685. *Page 384 
It is true that payment of a mortgage debt is presumed after twenty years (Magee v. Bradley, 54 N.J. Eq. 326), and that, since by the lapse of twenty years the mortgagee's right to sue at law on the bond and his right of entry under the mortgage are barred by the statute of limitations, after twenty years, his right to sue in equity to foreclose, will likewise be barred (Blue v. Everett, 56 N.J. Eq. 455), unless there have been circumstances sufficient to take the case out of the statute of limitations. Colton v. Depew, 60 N.J. Eq. 454. The statute of limitations barring suit at law on the bond, however, merely prevents suit; it does not extinguish the debt; hence, the mortgage may be foreclosed prior to the expiration of twenty years, notwithstanding the sixteen-year period has run against the bond. Barned v. Barned, 21 N.J. Eq. 245; Wanmaker,Executor, v. Van Buskirk, supra. This latter is the situation in the instant case.
As to the possibility that the bond was assigned by the mortgagee, the presumption is the other way — that ownership continued. That presumption is especially strong in the instant case, where the bond was accompanied by a mortgage, which (by presumption from its production by the mortgagee's administrator and the absence of record of any assignment) has not been assigned. Bonds and mortgages are usually executed on printed forms which are prepared in pairs. The mortgage usually contains a reference to the bond (as it does in this case) and the bond contains a reference to the mortgage. The mortgage in the present case was drawn on one of these printed forms; it is probable that the bond was on the like form, and referred to the mortgage — and hence it is extremely unlikely that anyone would have taken an assignment of the bond without getting the mortgage (to which he would of course be entitled, as security for the bond) at the same time.
Reference perhaps should be made to the three New Jersey cases cited by defendants in their argument that complainant suing to foreclose on a lost bond and mortgage must negative the possibility of satisfaction or assignment.
In Massaker v. Mackerley, 9 N.J. Eq. 440, no such rule *Page 385 
is laid down. It appears from the opinion that the court was satisfied that the bond and mortgage had been stolen from complainant, but there is no intimation whatever that complainant would have been denied decree if the court had not been so satisfied. On the contrary the language of the opinion indicates that complainant would be entitled to decree — and without indemnifying defendant — in the absence of any explanation of the loss of the instruments. The suit was between the original parties, and there was no issue as to payment or discharge.
In Mulford v. Brown, 28 Atl. Rep. 513 (apparently not officially reported), there was no real evidence as to how the bond and mortgage had become lost. The facts were very similar to those in the case at bar, except that defendants set up payment and the issue on that defense was the main issue in the case. It was held that defendant's evidence not only did not sustain the burden of proof but that the weight of evidence was against payment — and complainant was granted decree. Vice-Chancellor Pitney apparently did not think it worth while to discuss the question of the possibility of an assignment. It would seem that the argument of laches was raised, but the court could find no reason for imputing negligence to the mortgagee rather than to the mortgagor.
Maddock v. Connolly, 82 N.J. Eq. 533, likewise affords no support for the rule for which defendants contend. It was held that the burden was on complainant to establish by evidence satisfactory to the court, that the mortgage had been made and delivered — and that this burden had been met. It appears that complainant further offered prima facie proof that the mortgage "has been lost and that proper search has been made for it." It does not appear that there was any evidence as to how the mortgage had been lost. The question of consideration for the mortgage was also in issue, and the court found that the evidence showed that there was no consideration at the time the mortgage was executed and delivered; that the burden of proof to show subsequent advances on the mortgage was therefore on complainant, and that this had not been met. *Page 386 
The appellate opinion in this case (82 N.J. Eq. 609) appears on its face to afford some substantiation for defendants' contention. The language therein is susceptible of the interpretation that the burden of proof is upon complainant to show that the mortgage debt has not been paid. The rule that payment is an affirmative defense and that the burden of proof on such defense is on defendant is, however, so universal and so thoroughly established, in this state as well as elsewhere, that it cannot be concluded, in the absence of a clear and express pronouncement to that effect, that the court of errors and appeals intended to overrule or reverse that fundamental principle. It is rather to be presumed, from the entire opinion, that that court found that payment had been established by the weight of the evidence (and the presumptions to be drawn therefrom) on the issue of payment raised in the case. (The record on appeal shows that payment was alleged in defendant's answers and that evidence was offered in support thereof.)
Reference may be made to the unanimous opinion of the court of errors and appeals, participated in by eight of the same judges who determined Maddock v. Connolly, in the later case ofKapalczynski v. Sitniski, 91 N.J. Eq. 524 (also a foreclosure suit), wherein it is expressly stated (at p. 526) that payment is a matter of defense and the burden of proving it is on defendant. See, also, in this court, McKinney's Administratrix
v. Slack, 19 N.J. Eq. 164; Hoffman v. Rauchmiller, 95 N.J. Eq. 500; Jones Mort. (8th ed.) § 1919.
In any event the opinion in the Maddock Case is not controlling in the case now sub judice, for here the mortgage was not lost but was produced by complainant; and there was no allegation or claim of payment either in the pleadings or the evidence; and even if there had been such claim, the weight of the evidence would be in favor of complainant. For, as has already been noted, the non-production of the bond is the only evidence contended by defendants to establish payment, and this is at least equally susceptible of explanation on the theory of accidental loss by complainant's intestate as on the theory of payment, negligent failure by *Page 387 
the obligor to obtain the mortgage or have it discharged of record, and loss of the bond by the obligor or his successors in trust; whereas, under the circumstances of this case, payment, if made, would in all probability have been made by or at the very least, known by, the subsequent grantees of the obligor, yet none of them have testified to anything of the kind, nor has there been any explanation for the lack of such testimony — which justifies an inference adverse to defendants.
Defendants in the present case also urge laches as a defense. The general rule, however, is that a mortgagee is not to be deemed guilty of laches merely because he delays suit to foreclose until close to the expiration of the twenty-year limitation period (41 C.J. 875), and such is the rule in this state. Gray v. Case, 51 N.J. Eq. 426 (at p. 431); UnionTrust Co. v. New Jersey Water and Light Co., 93 N.J. Eq. 562;Niagara Fire Insurance Co. v. Fitzsimmons, 101 N.J. Eq. 437.
Laches is more than mere lapse of time; its essence is estoppel. Massie v. Asbestos Brake Co., 95 N.J. Eq. 298 (atp. 311). This is recognized in the cases cited by defendants (Swinley v. Force, 78 N.J. Eq. 52 — at p. 72), and Lutjen
v. Lutjen, 64 N.J. Eq. 773 — at p. 783), and this is particularly true where complainant is seeking to enforce a legal right. It involves a combination of negligence on the part of complainant, good faith on the part of defendant, and prejudice occasioned (or the likelihood thereof) to defendant.
It is argued that the doctrine of laches should be applied to defeat complainant's suit because suit was not brought for nineteen years after the right to sue accrued, and in the meantime the mortgagor has died, and the loss of his testimony prejudices defendants. But the mortgagor's testimony would have been equally lost if he had died one year after the mortgage fell due, instead of ten years after. Counsel will scarcely contend that a mortgagee who has delayed one year in suing to foreclose should be barred by laches if the mortgagor has died within that year; yet where is there any ground for distinction? It is obviously not to the public interest to adopt a rule that a mortgagee must sue immediately *Page 388 
upon default by the mortgagor under penalty of the risk of being barred for laches if he gives the mortgagor time and the latter dies.
Moreover, even if it be assumed that a forbearance to bring suit is negligence on the part of a mortgagee, I am unable to see how it is the cause of prejudice to the heirs or grantees of a deceased mortgagor. It obviously cannot be prejudicial, if the mortgage debt is still outstanding and unpaid; it could only be prejudicial from the standpoint of difficulty in proving a possible payment or discharge of the mortgage debt. But clearly it is negligent of a mortgagor who pays or discharges his mortgage obligation, to fail to obtain the bond and mortgage, or to have the mortgage canceled or discharged of record; and it is that negligence which is the real cause of prejudice to him or his successors, rather than the mortgagee's delay in bringing suit.
It is not perceived how the mortgagor's death results in prejudice in the instant case — for there is no claim that the mortgage debt has been paid or satisfied and that this could be proved if the mortgagor had not died. It is also to be borne in mind that the defendants are subsequent grantees — not the mortgagor, nor his heirs — that they took title to the mortgaged premises by two conveyances, one of which was executed in 1909, only a year after the mortgage was made, and two years before
it fell due. Under the law in this state, where a bond and mortgage are given for an indebtedness, it is the mortgaged land which is primarily liable for the mortgage debt. The presumption is therefore that any payment on the mortgage would be made not by the mortgagor but by the grantee. The grantees, therefore, and not the deceased mortgagor, are the persons who would have knowledge and evidence of payments, if any had been made. The mortgagor's death does not prejudice defendants in this behalf.
The grantees took title with knowledge of the mortgage, either actual or constructive, for it was duly recorded. If they did not have actual knowledge, it was their own negligence in failing to have the title searched. If they did have actual knowledge, they either procured the land at a less *Page 389 
price, because of the mortgage liability or else relied upon an assurance by the mortgagor, that he would see that the mortgage was paid or discharged. In the former event, the burden of paying the mortgage devolved upon them (if they wanted to keep the land); in the latter case, the burden of seeing that the mortgagor procured the discharge devolved upon them. Their failure in either instance is their own negligence. But the defendants not only do not make any claim that they themselves made any payments; they do not make any claim that they relied on any statement by the mortgagor that the mortgage had been satisfied, nor even that they relied on any promise by the mortgagor that he would procure its satisfaction.
The case is devoid of any grounds for any estoppel which would turn complainant's forbearance into laches.
Complainant is entitled to decree, and will not be required to give indemnifying security.